```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
ARMANDO RAMON GAITAN,                                    :
                                                         :
                          Plaintiff,                     :
                                                         :              23-CV-8351 (VSB)
              - against -                                :
                                                         :              **OPINION & ORDER**
                                                         :
WELLS FARGO BANK,                                        :
                                                         :
                          Defendant.                     :
                                                         :
---------------------------------------------------------X
```

Appearances:

Armando Ramon Gaitan
East Elmhurst, NY
*Pro se Plaintiff*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Armando Ramon Gaitan ("Plaintiff" or "Gaitan") of East Elmhurst, Queens County, New York, filed this *pro se* action invoking the court's diversity jurisdiction.[1] (Doc. 1, "Complaint.") Gaitan sues Wells Fargo Bank ("Defendant" or "Wells Fargo"), which, he alleges, is incorporated, and has its principal place of business in the State of California. (*Id.* at 3.) For the following reasons, I hereby transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

### I.   **Factual Background**

In the Complaint, Plaintiff "request[s] the court's assistance in thoroughly investigating" matters concerning what, he alleges, are ongoing foreclosure proceedings with respect to his

---

[1] Plaintiff has paid the fees to bring this action.

property in East Elmhurst, NY.  (Complaint 7.)  Plaintiff explains that there are "questions regarding the accuracy and legality of the foreclosure proceedings initiated by Wells Fargo Bank."  (*Id.* 6.)  In support of his claim, Plaintiff briefly refers to a decision rendered by Judge Janice A. Taylor, a private investigation Plaintiff conducted in September 2017, and the deed to Plaintiff's property.  (*Id.* 6–7.)  Plaintiff asserts that the situation has "inflicted severe anxiety, stress, and fear upon [his] wife."  (*Id.* 6.)

## II. Legal Standard

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  28 U.S.C. § 1391(c)(1), (2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may *sua sponte* transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *see Williams v. Koenigsmann*, No. 14 CV 2498 (NSR), 2021 WL 918769, at *6 (S.D.N.Y. Mar. 10, 2021) ("The transfer may be made upon motion by either party or by the court *sua sponte*." (internal citation and quotation marks omitted)).  In determining whether transfer is appropriate, courts consider the following ten factors:  (1) the

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.  *Keitt v. New York City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

**III.    Discussion**

Plaintiff alleges that, for diversity purposes, Wells Fargo is incorporated, and has its principal place of business, in the State of California, (Complaint 3), but he does not specify where, for venue purposes, Wells Fargo Bank resides.  Because it is a national bank, Wells Fargo may reside within this judicial district.  Thus, although unclear, it is possible that this court is a proper venue for this action under Section 1391(b)(1).

However, even if I were to assume that this court is a proper venue for this action under Section 1391(b)(1), Plaintiff alleges that the property at issue is located in Queens County, and that a significant portion, if not all, of the alleged events, including what appear to be pending state-court foreclosure proceedings, are occurring in Queens County, all within the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  Thus, it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action.  The property at issue is alleged to be located, as well

3

as most, if not all, of the underlying events are alleged to be occurring in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Plaintiff does not identify any relevant facts, documents, witnesses, or events that have occurred in the Southern District of New York. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, I transfer this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**IV.     Conclusion**

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a) and mail a copy of this Order to the *pro se* Plaintiff. This Order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: September 27, 2023
       New York, New York

                                             Vernon S. Broderick
                                             United States District Judge

4